UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| PAUL EDWARD HAYDEN, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 2:08-cv-108 |
| v. ) | Judge Mattice |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM AND ORDER

Plaintiff Paul Edward Hayden brings this action against Defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, for injuries resulting from an accident that occurred when he was driving a truck owned by the Defendant during the course of his employment.

Before the Court is Defendant United States of America's Motion to Dismiss or in the alternative for a Stay [Court Doc. 8] arguing that the Court lacks subject matter jurisdiction over the instant action. Plaintiff has failed to file a response to this motion and his deadline for doing so has long since passed. Accordingly, Defendant's motion is ripe for adjudication.

**I.   STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Assn.*, 287 F.3d 568, 573 (6th Cir. 2002). Challenges to subject matter jurisdiction

may be either facial or factual. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial challenge is a challenge to the sufficiency of the pleading. *Ritchie*, 15 F.3d at 598; *Ohio Nat'l*, 922 F.2d at 325. When reviewing a facial challenge, the Court must accept as true all well-pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the nonmoving party. *Ritchie*, 15 F.3d at 598; *Ohio Nat'l*, 922 F.2d at 325. In contrast, a factual challenge is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598. When reviewing a factual challenge, no presumption of truthfulness applies to the factual allegations of the complaint, and the Court must weigh the conflicting evidence to determine whether subject matter jurisdiction exists. *Id.*; *Ohio Nat'l*, 922 F.2d at 325. The Court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l*, 922 F.2d at 325.

## II.  FACTS

In April of 2006, Plaintiff Paul Edward Hayden was employed by Greene County, Tennessee as a soil conservationist and was supplied with a truck owned and/or maintained by the United States Department of Agriculture to fulfill his work duties. (Complaint, Court Doc. 1, ¶ 5.) On April 13, 2006, while performing duties related to his employment as a soil conservationist, Plaintiff was driving the truck in a safe manner when it suffered a mechanical failure. (*Id*. ¶ 6.) Plaintiff suffered significant, painful, and debilitating physical injuries as a result of this accident. (*Id*. ¶ 8.)

The truck Plaintiff was driving at the time of the accident was supplied to Plaintiff

under an agreement between Plaintiff's employer, Greene County, and the Natural Resources Conservation Service, a part of the United States Department of Agriculture. (*Id*. ¶ 7.) The United States Department of Agriculture was, at all times relevant to this action, responsible for properly maintaining the vehicle, providing all necessary repairs and maintenance, and informing or warning all operators of any defects or other problems with the vehicle. (*Id*. ¶ 7.)

Plaintiff filed an administrative claim, as required by the FTCA, on May 1, 2007. (*Id*. ¶ 4.) Plaintiff's claim was neither approved nor denied by April 11, 2008. (*Id*.) Plaintiff therefore filed the instant action seeking compensation for his injuries in the amount of one million dollars. (*Id*. at 4.)

Defendant sought an advisory opinion from the Department of Labor as to whether Plaintiff's accident might be covered under the Federal Employee Compensation Act ("FECA"). (Affidavit of Edward G. Duncan, Court Doc. 9-1 ¶ 2.) Edward Duncan, Deputy Director for Federal Employees Compensation at the Office of Workers' Compensation Programs for the United States Department of Labor, concluded that, based on his review of Plaintiff's Complaint, "there is a significant possibility that plaintiff could be considered a federal employee, and that the injuries he sustained due to the truck accident might be covered under FECA." (Court Doc. 9-2.) Duncan also stated that "there needs to be additional factual development to determine whether plaintiff's injuries due to the April 13, 2006 accident should be covered by FECA." (*Id*.)

## III. ANALYSIS

The Federal Employee Compensation Act ("FECA"), 5 U.S.C. §§ 8101-8193, covers claims "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). The remedies provided by FECA are exclusive and federal courts lack subject matter jurisdiction to consider an action where there is a "substantial question" as to whether the plaintiff's claim might be covered by FECA. *McCall v. United States*, 901 F.2d 548, 551-52 (6th Cir. 1990). FECA vests the Secretary of Labor with the power to resolve any disputes regarding the scope of the act, 5 U.S.C. § 8145, and the Secretary's decision as to coverage is not subject to judicial review. 5 U.S.C. § 8128(b). A "substantial question" is generally present "where the Secretary has undertaken an 'action' to award or deny FECA benefits." *Wright v. United States*, 717 F.2d 254, 257 (6th Cir. 1983).

In the instant action, Defendant sought an advisory opinion from the Department of Labor as to the possibility that FECA might apply to Plaintiff's claim. Edward Duncan, who is responsible for administering FECA, reviewed Plaintiff's Complaint and concluded that "there is a significant possibility of coverage under FECA." (Duncan Aff. ¶ 5.) Duncan stated that Plaintiff needs to file a claim with Office of Workers' Compensation Policy so that it can develop the factual issues in the case, and issue a final decision as to whether Plaintiff was acting as a federal employee such that he would be covered by FECA even though he was technically employed by Greene County at the time of the accident. (*Id*.)

The United States Court of Appeals for the Sixth Circuit has held that, when it is unclear whether a claim would fall within FECA's purview, a stay on all proceedings is

-4-

appropriate. *McDaniel v. United States*, 970 F.2d 194, 198 (6th Cir. 1992). Although whether an injury was incurred in the performance of the employee's duty is the most typical threshold question regarding the scope of FECA's application, "substantial questions of coverage may arise in other situations." *Id*. Whether an individual employed by a separate entity but working with the federal government qualifies as a "federal employee," such that his injury would fall within FECA, is one such situation. *See Gill v. United States*, 471 F.3d 204, 208 (1st Cir. 2006) (dismissing actions because "it is not certain that the Secretary would find that Gill was not a federal employee but was an independent contractor").

The Court finds that, based on *McDaniel*, a stay is the appropriate course of action in this case. If the Secretary determines that the Plaintiff was not a federal employee, FECA does not apply and the instant action can proceed. *See McDaniel*, 970 F.2d at 198. But if the Secretary determines that Plaintiff was a federal employee at the time of the accident, regardless of whether the Secretary determines that compensation is appropriate, the Secretary's decision is binding and not reviewable by the Court. *Id*.

Accordingly, whether the Court has subject matter jurisdiction over the instant action depends on the Secretary's determination as to Plaintiff's employment status at the time of the accident. The Court therefore **ORDERS** that the instant action be **STAYED** pending a final determination by the Secretary of Labor as to whether Plaintiff was a federal employee at the time of the accident. Should Plaintiff fail to file a claim with the Office of Workers' Compensation Policy within ninety days of the entry of this order, he risks possible dismissal of this action.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss or in the alternative for a Stay [Court Doc. 8] is **GRANTED IN PART** and **DENIED IN PART**. The instant action is **STAYED** pending a final determination as to Plaintiff's employment status by the Secretary of Labor. Plaintiff is hereby **ON NOTICE** that the instant action may be dismissed should he fail to file a claim under FECA within ninety days of the entry of this order.

The parties are **ORDERED** to submit a status report on these matters no later than **March 31, 2009**, and every ninety days thereafter. The parties **SHALL ADVISE** the Court in writing promptly upon a final decision rendered by the Secretary on Plaintiff's FECA claim.

SO ORDERED this 16th day of January, 2009.

/s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE